The Chancellor.
On the first day of April, 1849, William Grant and wife and Lewis Perrin e and wife, for and in consideration of the sum of five hundred dollars, by their deed of bargain and sale, conveyed to Lebbeus W. Lathrop, trustee of Jane Lathrop, his wife, a lot of land in the city of Trenton. Since the conveyance, improvements, to a large amount in value, have been put upon the premises so conveyed. Subsequent to the making of these improvements, Colgate Gilbert recovered a judgment against Lathrop for upwards of $8000, and placed an execution in the hands of the sheriff of the county of Mercer, who levied upon the said property, and advertised the same for sale. The complainants filed their bill, alleging that the said property was purchased with the money of the wife, which the husband held in trust for her, and that the improvements were paid for with the money of the wife, which Lathrop, the husband, held in like trust. The hill further alleges, that when the deed for the property was drawn, instructions were given to the scrivener to express the purposes of the trust in the deed, hut that, through inadvertence or want of skill, he neglected to do so. The bill prays that the trust may be established, and the property of the wife be protected from the judgment and execution of the defendant Gilbert. The defendant, by his answer, puts the complainants to the proof of their case.
I think it is proved with sufficient certainty that the property was purchased with trust funds belonging to the *346 wife, which, were in the hands of her husband, as her trustee. The trust money was the proceeds of trust property, which had been secured for the sole benefit of the wife by her father. The original transaction by which the trust fund was created is not impeached. The fund is traced into this property, and it is equitable and right that this court should protect the trust. The scrivener, it is proved, was instructed to draw the deed expressing the character of the trust, and if through any mistake or want of skill the deed is not sufficient to effect the purpose for which it was intended, this court ought to interfere to protect the rights of the wife and establish the trust. It is no objection that, by the original terms of the trust, the husband was created the trustee. A court of equity will protect the trust property for the benefit of the wife.
But the judgment creditor insists that the trust property has been managed and used by the husband and wife for the fraudulent purpose of covering up the husband’s property, and protecting it from his creditors ; that the husband’s money, to a large amount, has been expended in improvements upon the property, and that the husband is enjoying the benefit of these improvements, and that he is thus using the trust property to cover up and protect his own property from his creditors. If such a case were clearly proved, this court might properly refuse its aid to the wife altogether, and leave the parties to protect themselves, at law, in the best way they could. Certainly this court would not interfere in such a case, except so far as might be necessary to protect the actual fund in the property which bona fide belonged to the wife. Whether it would protect the trust fund at all, would depend, in a measure, upon what participation the wife had in the fraud. The principle never would be tolerated which should establish, that an insolvent husband might purchase, as trustee for his wife, and with his wife’s money, a lot of land for five hundred dollars, then put im *347 provements on it with his own money to the amonnt of three or four thousand dollars, and in this way protect his own property from his creditors under cover of the trust. A court of equity will not countenance fraud in any shape. The more artful its effort at concealment, the more searching and zealous will the court be to detect it and defeat its design.
But I do not think the evidence in this case sufficient to establish such fraud. The trust money which the husband had in his hands was sufficient to pay for all the improvements put upon the property. The fund is traced, perhaps with as much certainty as the nature of the transaction would admit, from its original investment by the father of Mrs. Lathrop through its several reinvestments, down to the purchase of the property in question, and the improvements made upon it. If the deed, made by Messrs. Grant and Perrine to the husband, had expressed the trust with sufficient certainty, there is no evidence in this cause of a character to impeach that trust. I think it fair and equitable to look at the case in this light. The court is only placing the wife in the same position she ought to have been placed by that deed.
The complainants are entitled to a decree, hut without costs.